IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 10-cv-02772-REB-BNB**

ROBERT TURLEY

Plaintiff,

vs.

CORRECTIONAL HEALTH CARE MANAGEMENT, INC.,
KELLY JEAN DRYKE, R.N., and
MATT KILLOUGH, P.A.

Defendants.

_____

**DEFENDANTS CORRECTIONAL HEALTH CARE MANAGEMENT, INC.,
KELLY JEAN DRYKE, R.N., AND MATT KILLOUGH, P.A.'S
MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES**
_____

Defendants Correctional Healthcare Management, Inc., Kelly Jean Dryke, R.N., and Matt Killough, P.A. (hereinafter "CHM Defendants"), by counsel, KENNEDY CHILDS & FOGG, P.C., hereby respectfully request that the Court enter summary judgment pursuant to Rule 56 in favor of the CHM Defendants. In support thereof, the CHM Defendants state as follows:

**I.  Overview**

This is an action by Mr. Turley for damages allegedly sustained while he was incarcerated at the Jefferson County Correctional Facility. In his Complaint [Document 1], Plaintiff alleges that the CHM Defendants delayed in providing medical care to him between 11:00 a.m. and 4:45 p.m. on November 13, 2009. Plaintiff now a brings a claim

against CHM Defendants for "Cruel and Unusual Punishment" in violation of the Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.[1] Plaintiff also asserts a state law medical negligence claim against CHM Defendants. In addition, Plaintiff asserts a claim for willful and wanton conduct against Defendant Sheriff Ted B. Mink.

Plaintiff alleges that as a result of Defendants' conduct, he has suffered economic and non-economic damages, disfigurement, and disability. *See* Complaint, ¶¶ 21, 26, 29 [Document 1]. As set forth below, Plaintiff cannot prevail on his claim for economic damages because Plaintiff did not incur any expenses related to the incident on November 13, 2009.

## II.     Statement of Undisputed Material Facts

The undisputed material facts concerning Mr. Turley's alleged injuries are as follows:

1.     Robert Turley was an inmate of at the Kit Carson Correctional Center on November 13, 2009. *See* Complaint, ¶ 7 [Document 1].

2.     In his Complaint, Mr. Turley alleges that on November 13, 2009 he experienced a severe pain in his throat and was ultimately transported to Exempla Lutheran Medical Center. *See* Complaint, ¶¶ 9, 13 [Document 1].

3.     Mr. Turley was hospitalized at Exempla Lutheran Medical Center from November 13, 2009 through December 18, 2009. *See* Bill for Services, attached as Exhibit

---

[1] A Motion to Dismiss Plaintiff's First Claim for Relief is pending.

A, p. 1.

4. The total amount billed to Colorado Department of Corrections for services provided to Mr. Turley during this hospital stay was $222,518.92. *See* Exhibit A, p. 20.

5. This amount was reduced by $44,503.78 for a "contractual credit adjustment." *See* Correctional Health Partners' billing records, attached as Exhibit B, p. 2. *See also* Affidavit of Ms. Munoz, attached as Exhibit C, ¶ 6.

6. Pursuant to contract, Correctional Health Partners provides payment of medical expenses on behalf of inmates of Colorado Department of Corrections. *See* Exhibit C, ¶ 3.

7. On behalf of Colorado Department of Corrections, Correctional Health Partners negotiated and submitted payment to Exempla Lutheran Medical Center for the remaining balance on Mr. Turley's account in the amount of $178,015.14. This payment was in full and final satisfaction of the bill. A copy of the payment records is attached at Exhibit B. *See also* Exhibit C, ¶ 7.

8. Mr. Turley did not pay any amount of this bill nor did he incur any expense for this bill. *See* Exhibit C, ¶ 8. *See also*, Mr. Turley's Deposition Transcript, attached as Exhibit D, p. 237, lines 16-20; p. 240, lines 13-25; p. 241, line 1.

9. Correctional Health Partners is not asserting a lien regarding Mr. Turley's medical expenses and Correctional Health Partners does not seek to recover these expenses from Mr. Turley. *See* Exhibit C, ¶ 9.

**III.   Standard of Review**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also* FED.R.CIV.P. 56(e).

Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

**IV.** **Argument**

    **A.** **Economic damages are not recoverable here where Plaintiff incurred no out-of-pocket expense.**

In his Complaint, Plaintiff alleges that he has suffered economic and non-economic damages, disfigurement, and disability. *See* Complaint, ¶¶ 21, 26, 29 [Document 1]. Plaintiff has failed to present any evidence in support of a claim for economic damages.

"Economic loss means pecuniary harm for which damages are recoverable under the laws of this state." C.R.S. § 13–64–202(1). Economic loss includes lost income, medical expenses, or other out-of-pocket or lost financial opportunities.

Plaintiff has not demonstrated that he suffered any actual economic loss or injury that was proximately caused by CHM Defendant's conduct.  Indeed, no such evidence exists because Plaintiff's medical bills were paid in full by Correctional Health Partners pursuant to contract with the Colorado Department of Corrections. *See* Undisputed facts, ¶¶ 6-7.  Plaintiff has not paid any amount of the Exempla Lutheran Medical bill for services rendered November 13, 2009 through December 18, 2009. *See* Undisputed facts, ¶ 8. Further, as an inmate of the Colorado Department of Corrections, Mr. Turley is not obligated to pay for this medical care and treatment.  In this case, Correctional Health Partners, on behalf of Colorado Department of Corrections, provided payment in the amount of $178,015.14. for full satisfaction and release of Mr. Turley's account. *See* Undisputed facts, ¶ 7.  Correctional Health Partners has confirmed that they are not asserting a lien against Mr. Turley and do not seek to recover any monies from him related to this expense. *See* Undisputed facts, ¶ 9.

As Plaintiff has failed to show any economic injury or lost income or other consequential economic damages, Plaintiff is barred from recovering any economic damages from CHM Defendants here.  Accordingly, judgement in favor of CHM

Defendants is appropriate as a matter of law.

**V.     Conclusion**

Where it affirmatively appears from the pleadings, depositions, admissions and affidavits, that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment, as a matter of law, it is appropriate for the Court to grant summary judgment in favor of the moving party. *Wilder v. Prokop*, 846 F.2d 613, 625-26 (10th Cir. 1988).  Here, there is no genuine issue of material fact as to whether Mr. Turley suffered any economic damages.  It is undisputed that Mr. Turley did not incur any out of pocket expense related to this incident nor is he liable for any medical expense here. Summary judgment is therefore appropriate on Plaintiff's claim for economic damages against the CHM Defendants.

WHEREFORE, the CHM Defendants request that the Court enter an Order granting summary judgment in favor the CHM Defendants and against Plaintiff.

DATED:   August 4, 2011.

*s/ Mackenzie A. Morgan*

Chad K. Gillam
Laura M. Wassmuth
Mackenzie Morgan
KENNEDY CHILDS & FOGG, P.C.
633 17th Street   # 2200
Denver, Colorado   80202-3661
Telephone:  (303) 825-2700
Facsimile:  (303) 825-0434
cgillam@kcfpc.com
lwassmuth@kcfpc.com
mmorgan@kcfpc.com
*Attorneys for Defendants Correctional*

*Healthcare Management, Inc., Kelly Jean Drake, R.N., and Matt Killough, P.A.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 4, 2011, the foregoing **DEFENDANTS CORRECTIONAL HEALTH CARE MANAGEMENT, INC., KELLY JEAN DRYKE, R.N., AND MATT KILLOUGH, P.A.'S MOTION FOR SUMMARY JUDGMENT REGARDING DAMAGES** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Brice A. Tondre, Esq.
215 South Wadsworth Blvd., #500
Lakewood, CO 80226

*s/ Mary Baltz*