IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02772-REB-BNB

ROBERT TURLEY,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
KELLY JEAN DRYKE, R.N., and
MATT KILLOUGH, P.A.,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Renewed Unopposed Motion for Rule 35 Examination and for Writ of Habeas Corpus Ad Testificandum** [Doc. # 34, filed 9/6/2011] (the "Renewed Motion"). The Renewed Motion is GRANTED IN PART to allow the independent medical examination to be conducted, and DENIED IN PART insofar as it seeks a writ of habeas corpus ad testificandum.

The plaintiff is a convicted felon incarcerated by the Colorado Department of Corrections at the Kit Carson Correctional Center. His complaint alleges three claims for relief: (1) Cruel and Unusual Punishment in violation of the Eighth and Fourteenth Amendments; (2) Medical Negligence; and (3) Willful and Wanton Conduct. The action arises from the following events:

> While incarcerated in the Jefferson County Detention Center, on November 13, 2009, during the course of eating a ham sandwich at approximately 11:00 a.m., Plaintiff experienced severe pain in his throat. The pain was caused by a portion of the sandwich becoming lodged in his esophagus.

Scheduling Order [Doc. # 17, filed 3/2/2011] at p. 2. The plaintiff alleges that defendants Dryke and Killough delayed in providing necessary medical care, "allowing a serious medical need to worsen. . . ." Id. at p. 3.

The Renewed Motion states:

> 3. Susan Tiona, M.D., the medical doctor employed by Kit Carson Correctional Center where Mr. Turley is incarcerated, believes the condition from which Mr. Turley suffers is a sequelae of his ruptured esophagus.
>
> 4. In order to determine if Mr. Turley suffers from a mechanical obstruction related to his ruptured esophagus which is causing his breathing difficulties, Dr. Tiona has requested funding to have a CT examination performed with respect to his mediastinal and thoracic cavities.

Renewed Motion [Doc. # 34] at ¶¶3-4. The Motion seeks an order for an independent medical examination and a writ to allow the plaintiff to travel to the Kit Carson County Memorial Hospital, "only a few miles from Kit Carson Correctional Center," where the examination can occur. Id. at ¶8.

Previously, I ordered the plaintiff to address the issues of transportation and security of the plaintiff in connection with the requested IME and to serve any supplemental motion for an IME on the plaintiff's jailers. Order [Doc. # 32] at p. 2. Consistent with those requirements, the Renewed Motion states:

> A copy of the original motion was served on Vance Everett, the warden of Kit Carson Correctional Center and Dr. Susan Tiona. Judith Fuchs, quality assurance director of Kit Carson Correctional Center, informed me that, upon service of the requested Writ on the Colorado Department of Corrections, the Warden of Kit Carson Correctional Center would be directed to provide transportation and security for the requested examination. The undersigned counsel for plaintiff has agreed with Kit Carson Correctional Center to reimburse it for its cost of providing

transportation and security.

Renewed Motion [Doc. # 34] at pp. 2-3.

The plaintiff relies on 28 U.S.C. § 2241(c)(5) as authority for a writ of habeas corpus ad testificandum commanding that the plaintiff be transported to the Kit Carson County Memorial Hospital for the IME. Section 2241(c)(5) provides no such support, however. To the contrary, 28 U.S.C. § 2241(c)(5) provides that "[t]he writ of habeas corpus **shall not extend** to a prisoner **unless** . . . [i]t is necessary to bring him into court to testify or for trial." (Emphasis added.) Here, the plaintiff seeks a writ ordering that he be transported to a hospital for an IME, not into court to testify.

Under similar circumstances, the court in <u>Wilson v. Hill</u>, 2011 WL 1630814 (S.D. Ohio April 27, 2011), denied the requested writ, stating that "requiring a correctional institution to transport an inmate for an independent medical examination to support his § 1983 claim is not authorized by either the habeas corpus statute or All Writs Act," citing <u>Ivey v. Harney</u>, 47 F.3d 181 (7th Cir. 1995).

Correctional facilities are responsible for providing reasonable medical care for their inmates, and in my experience they frequently transport inmates to medical facilities outside of the prison for specialized treatment. I have no objection, should the parties and the institution agree, to the transport of the plaintiff to the Kit Carson County Memorial Hospital for an IME, and the court in <u>Ivey</u> recognized the propriety of such an agreement:

> If expert assistance is essential, Ivey's [the plaintiff] lawyers
> should find a willing physician in Taylorville or environs. . . . Or
> they should offer to compensate the Department of Corrections for
> the cost of transportation and security. . . . We do not know
> whether Illinois would be receptive to financial overtures. . . .
> That is a subject between Ivey and his jailers. The only question

3

> before us is whether a court may order a custodian to transport the
> prisoner outside the prison to acquire evidence in a suit to which
> the custodian is not a party. Under both § 1651(a) and §
> 2241(c)(5), the answer is no.

Ivey, 47 F.3d at 186.

IT IS ORDERED that the Renewed Motion [Doc. # 34] is GRANTED IN PART and DENIED IN PART as follows:

(1) GRANTED to allow the plaintiff to undergo an independent medical examination pursuant to Fed. R. Civ. P. 35. The examination may occur--with the consent of the parties, the Colorado Department of Corrections, and the warden of the prison in which the plaintiff is housed--at the Kit Carson County Memorial Hospital under the direction of Dr. Susan Tiona, M.D.; may occur at such date and time as the parties, Dr. Tiona, the plaintiff's jailers, and the hospital may agree; shall consist of a CT examination with respect to the plaintiff's mediastinal and thoracic cavities; and all of the costs of the examination, including the related transportation and security of the plaintiff, shall be advanced by the plaintiff and/or his counsel; and

(2) DENIED to the extent that it seeks a writ of habeas corpus ad testificandum.

Dated September 20, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge